UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORTEZ DAVIS,

    Applicant,

v.                                             CASE NO. 8:15-cv-215-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Davis applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for murder in the second degree, for which he is imprisoned for life. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 8) The respondent correctly argues that the application is time-barred.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Davis's conviction was final on March 12, 2009,[*] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Consequently, Davis's federal one-year deadline was March 12, 2010. Davis filed no state application that tolled the limitation. Although on April 30, 2010, Davis filed a state Rule 3.850 motion for post-conviction relief, that proceeding afforded Davis no tolling because, as shown above, the limitation expired approximately six weeks earlier. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Recognizing that his application is untimely and affording the application a generous interpretation, Davis asserts his actual innocence "of the crime as convicted [because] my defense was Florida's stand your ground law[,] which has changed since my conviction." (Doc. 1 at 15) The respondent correctly argues that this assertion insufficiently asserts entitlement to actual innocence as a means to overcome the limitation.

---

[*] Davis's direct appeal concluded on December 12, 2008. (Respondent's Exhibit 13) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Actual innocence is a gateway that permits the review of a time-barred or a procedurally barred federal claim.  Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' [*Schlup*,] 513 U.S. at 316." *McQuiggin, Warden, v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013).

As recently explained in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013) (brackets original), actual innocence my overcome the statute of limitation.

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

"It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Although demanding, the petitioner's burden is not a showing of absolute innocence, as *House v. Bell*, 547 U.S. 518, 538 (2006), explains:

> [I]t bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case . . . . At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Davis asserts both that the "stand your ground" defense has changed since his conviction and that he is not guilty of second degree murder. A change in the law after his conviction warrants no habeas relief in federal court and guilt of a lesser included offense defeats a claim of actual innocence, as *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1015 (11th Cir.), *cert. denied*, ___ U.S. ___, 133 S. Ct. 351 (2012), explains:

> [W]e decide only that the narrow and extraordinary nature of *Schlup*'s actual innocence "gateway" does not extend to petitioners, like Rozzelle, who did the killing and whose alleged "actual innocence" of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide. For several reasons, we conclude that, in these circumstances, Petitioner Rozzelle fails to state a cognizable actual innocence claim under *Schlup*.

Because his contention is simply a disagreement with the jury's rejection of his claimed innocence, Davis's argument amounts to no more than a claim of


insufficiency of the evidence to convict him, which claim he was not precluded from timely raising within the one-year limitation.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davis is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Davis cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Davis is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Davis must pay the full $505 appellate filing fee unless the circuit court allows Davis to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 25, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE