UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORTEZ DAVIS

    Applicant,

v.                                                           CASE NO. 8:15-cv-215-SDM-JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

Davis applies under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges the validity of his state conviction for murder in the second degree, for which he is imprisoned for life. An earlier order (Doc. 15) dismisses the application as time-barred. The case was closed on November 27, 2015.

Three and a half years passed with no activity until June 17, 2019, when Davis inquired (Doc. 16) about the status of his motion for reconsideration. In response the clerk sent a copy of the docket sheet to Davis. A few weeks later Davis moved (Doc. 17) for reconsideration and showed that, under the "mailbox rule," he "filed" a motion for reconsideration on December 1, 2015, by delivering the motion to a prison official to mail to the clerk. An earlier order (Doc. 26) grants Davis's motion for reconsideration and directs the respondent to supplement the record with the

many state post-conviction proceedings omitted from the earlier calculation of the limitation.

**<u>Timeliness:</u>**

This action proceeds under Davis's application, the respondent's supplemental response and supporting exhibits, and Davis's reply.[1] (Docs. 1, 30, 31, and 38) In his application Davis concedes that his application is untimely (Doc. 1 at 14–15), but in his reply Davis "respectfully submits that his concession as to the petitioner's untimeliness was error, and that it would result in a manifest miscarriage of justice for the Court to rely upon his erroneous concession . . . ." (Doc. 38 at 1–2) The state court record, as supplemented by the respondent, supports both Davis's concession and the respondent's argument that the application is untimely, specifically, Davis filed his application eight months late.[2] The untimeliness is in-part due to Davis's erroneous reliance on his last two motions for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. (Respondent's Exhibits 35 and 49) Each motion was dismissed as untimely. (Respondent's Exhibits 36 and 50) Davis contends that, because the last two Rule 3.850 motions (his tenth and eleventh motions in state court) "raised a jurisdictional issue," the state court erred in dismissing the motions as untimely rather than addressing the merits. The dismissals were affirmed on appeal. (Respondent's Exhibits 40 and 56)

---

[1] Davis also filed a notice of supplemental authority (Doc. 41), which addresses the merits of his grounds and not the timeliness of his application.

[2] This determination of untimeliness is independent of Davis's concession.

The state court's determinations of untimeliness and lack of entitlement to review under state law govern this court because a federal district court does not sit as an appellate court to determine the correctness of a state court's ruling. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("Federal habeas courts . . . do not grant relief, as might a state appellate court, simply because [a state court's error] under state law is not a basis for habeas relief."); *Renico v. Lett*, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."); *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1299 (11th Cir. 2017) ("]I]t is not a federal court's role to examine the propriety of a state court's determination of state law."). Consequently, the untimely Rule 3.850 motions failed to toll the federal limitation because Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." As *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Only an application timely filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *Accord Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for

state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations.").

**Manifest Injustice:**

In his application Davis asserts that not "accept[ing] this habeas corpus would result in a manifest injustice as I am not guilty of the crime as convicted. My defense was Florida's "Stand Your Ground" law which has changed since my conviction." (Doc. 1 at 14–15) Similarly, in his reply Davis contends "that it would [be] a manifest miscarriage of justice for the Court to rely upon his erroneous concession" of untimeliness. (Doc. 38 at 1–2)

Although Davis may challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert an otherwise time-barred or procedurally barred federal claim. Passage through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 569 U.S. 383, 401 (2013)

(quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)).  And most importantly, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Davis asserts no new evidence that shows he did not commit murder in the second degree.  Davis speculates that he would have a better chance of succeeding at trial under the current version of the "Stand Your Ground" law.  Because his asserted manifest injustice is based on legal innocence and not factual innocence, Davis fails to meet the manifest injustice exception to the limitation.

The application (Doc. 1) for the writ of habeas corpus is **DISMISSED AS TIME-BARRED**.  The clerk must enter a judgment against Davis and **CLOSE** this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davis is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Davis must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise.  *See*

28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is clearly time-barred, Davis is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Davis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 9, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE